# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PATRICIA A. KALAITZIS,
            Appellant,

            v.

DEPARTMENT OF THE NAVY,
            Agency.

DOCKET NUMBER
AT-315H-14-0877-I-1

DATE: February 20, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Patricia A. Kalaitzis, Jacksonville, Florida, pro se.

Catherine A. D'Andrea, Esquire, Jacksonville, Florida, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1       The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The agency appointed the appellant to the position of Library Technician on January 13, 2014. Initial Appeal File (IAF), Tab 5 at 8. This position was in the competitive service and subject to a 1-year probationary period. *Id.* The appellant was terminated during her probationary period, effective July 26, 2014, for inattention to duty in the performance of work. *Id.* at 23, 27. The appellant filed an appeal alleging that her termination was motivated by race discrimination. *See* IAF, Tab 1 at 3, 5, 9-10.

¶3        The administrative judge issued a jurisdictional order to the parties, which advised the appellant of her burden of proof regarding jurisdiction over a probationary termination, and instructed her to respond. IAF, Tab 3 at 2-4. The agency responded to the order, IAF, Tab 5, but the appellant did not. After the record closed, the administrative judge issued an initial decision dismissing the

appeal for lack of jurisdiction without holding the requested hearing.[2] IAF, Tab 6, Initial Decision (ID) at 1, 3. The appellant has submitted a timely petition for review. Petition for Review (PFR) File, Tabs 1-2. The agency has responded to the petition for review. PFR File, Tab 4.

The administrative judge correctly dismissed the appeal for lack of jurisdiction.

¶4    On petition for review, the appellant alleges, as she did below, that she was harassed and discriminated against based on her race. PFR File, Tab 2 at 3-4; IAF, Tab 1 at 5, 9-10. She also challenges the merits of her termination and alleges poor management practices. *See* PFR File, Tab 1 at 1, 3-4. She indicates that she was told by the agency that she was terminated because she was "not a [f]it." *Id.* at 1. The appellant argues that "the reasons given in [her] termination letter were not accurate and were not sufficient for grounds for termination." PFR File, Tab 2 at 1. The administrative judge found that the Board lacks jurisdiction over the appellant's probationary termination appeal. ID at 1, 3. The administrative judge also found that, even if the appellant's termination was based on race discrimination, "without jurisdiction, the Board does not have the authority to review the merits of the appellant's discrimination claim." ID at 3. We agree.

¶5    Probationary employees in the competitive service have a limited right to appeal a termination to the Board under 5 C.F.R. § 315.806. *Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 5 (2013), *aff'd sub nom. Walker v. Merit Systems Protection Board*, No. 2014-3155, 2014 WL 6890662 (Fed. Cir. Dec. 9, 2014). 5 C.F.R. § 315.806(d) provides for jurisdiction over complaints of discrimination based upon race, color, religion, sex, national origin, age, and

---

[2] An appellant is entitled to a jurisdictional hearing only if she makes a nonfrivolous allegation of Board jurisdiction. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 642-43 (Fed. Cir. 1985). The administrative judge did not hold a hearing because she found that the appellant did not make a nonfrivolous allegation of Board jurisdiction. *See* ID at 1.

disability, in connection with a probationary termination, but only if "such discrimination is raised in addition to one of the issues stated in paragraph (b) or (c)." *Jafri v. Department of the Treasury*, 68 M.S.P.R. 216, 220 (1995) (quoting 5 C.F.R. § 315.806(d)), *aff'd*, 78 F.3d 604 (Fed. Cir. 1996) (Table). The Board's jurisdiction over probationary termination appeals under paragraphs (b) and (c) is limited to situations in which: (1) the employee was discriminated against based on her marital status; (2) the agency action was based on partisan political reasons; or (3) the agency action was based (in whole or part) on pre-appointment reasons, and the agency did not follow the procedures of 5 C.F.R. § 315.805.[3] *Walker*, 119 M.S.P.R. 391, ¶ 5.

¶6 The appellant acknowledged that she was a probationary employee at the time of her termination. IAF, Tab 1 at 1, 3. In addition, she did not allege below that her termination was related to marital status discrimination, partisan political reasons, or pre-appointment reasons. *See id.* at 5, 9-10. Therefore, the Board lacks jurisdiction over her termination. *See Walker*, 119 M.S.P.R. 391, ¶ 5.

¶7 On petition for review, the appellant alleges that she was advised of her termination on the same day it took place, which was July 25, 2014.[4] PFR File,

[3] The appellant also raises for the first time on review an allegation of age discrimination by the agency. PFR File, Tab 1 at 2. However, prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction. *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867 (D.C. Cir. 1982).

[4] The administrative judge noted that the appellant was terminated by letter dated July 14, 2014. ID at 2. The appellant argues on review that the administrative judge identified the incorrect letter, and thus erred by stating that she was advised of her termination on July 14, 2014. PFR File, Tab 1 at 1. The appellant is correct that the agency's termination letter was dated July 24, 2014. IAF, Tab 5 at 23. However, we find that this minor error does not warrant reversal of the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

Tab 2 at 1-2. She argues that she was entitled to notice of the proposed termination and an opportunity to respond pursuant to 5 C.F.R. §§ 315.805 and 315.806. *Id.* at 1. However, the Board cannot review whether the agency failed to follow the procedural requirements of 5 C.F.R. § 315.805 because the appellant did not allege that she was terminated for pre-appointment reasons in violation of 5 C.F.R. § 315.806(c). *See* PFR File, Tabs 1-2.

¶8 The appellant raises a claim under the Veterans Employment Opportunities Act of 1998 (VEOA) for the first time on review. PFR File, Tab 1 at 4. Citing to VEOA, she alleges that she was discriminated against based on her service-connected medical condition. *Id.* To establish jurisdiction over a veterans' preference appeal under VEOA, the appellant must: (1) show that she exhausted her remedy with the Department of Labor; and (2) make nonfrivolous allegations that she: (a) is a preference eligible within the meaning of the VEOA, (b) the action at issue took place on or after October 30, 1998, and (c) the agency violated a statute or regulation relating to veterans' preference. 5 U.S.C. § 3330a; *Elliott v. Department of the Air Force*, 102 M.S.P.R. 364, ¶ 6 (2006). In the instant case, based on the limited evidence presented on this issue, we find that the appellant has not met her burden of establishing jurisdiction over her appeal under VEOA.[5]

¶9 The appellant also presents for the first time on review documentation of counseling she received prior to her termination, dated June 17, 2014. PFR File, Tab 1 at 6. The Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). In the instant case, the documentation submitted by the appellant is not of sufficient weight to warrant an outcome different from that of the initial decision because it does not show that her termination was related to

---

[5] If the appellant believes that the Board has jurisdiction over her termination under VEOA, she may file a new appeal with the regional office.

marital status discrimination, partisan political reasons, or pre-appointment reasons. *See Rogers v. Internal Revenue Service*, 15 M.S.P.R. 350, 352-53 (1983) (finding that the appellant submitted new evidence but it was not material to the issue of discrimination on partisan political grounds, and thus it presented no grounds for granting the petition for review).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.